**CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
EVETTE C. FEAGIN,                       :
                                        :   Civil Action No. 12-6292 (SRC)
              Plaintiff,                :
                                        :
                                        :
        v.                              :   OPINION
                                        :
                                        :
JUDGE WILLIAMS,                         :
                                        :
              Defendant.                :
_____ :

**CHESLER, District Judge**

    This matter comes before the Court on its own motion to dismiss the Complaint.

    At the outset, the Court notes that Plaintiff is proceeding pro se and thus construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, in all federal actions, the Court has an independent obligation to satisfy itself that it has subject matter jurisdiction. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005). If it appears that the Court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3); In re Orthopedic Bone Screw Products Liability Litig., 132 F.3d 152, 155-56 (3d Cir. 1997). Based on the submission before the Court, the Court cannot satisfy itself that it has federal subject matter jurisdiction over this action.

    Plaintiff apparently seeks to establish federal question jurisdiction on the grounds that the

Defendant is in the military.  Without more, the Defendant's alleged status as a "U.S. Army Officer" (Pl.'s Compl. ¶ 1) does not establish that Plaintiff's claim "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331.  Nor is there any indication that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Accordingly, the Court must dismiss the Complaint for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

     For the sake of completeness, the Court notes that even if it does have jurisdiction, Plaintiff's Complaint would have to be dismissed for failure to state a claim upon which relief could be granted.  This Court must, on its own motion, dismiss any complaint brought by a plaintiff seeking to proceed in forma pauperis that fails to state any valid claim for relief.  28 U.S.C. § 1915(e)(2)(B)(ii).  Such is the case here.  In short, Plaintiff's Complaint is incomprehensible.  Although Federal Rule of Civil Procedure 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," and considering that a complaint by a pro se plaintiff should be construed liberally in the interest of justice, this Court cannot figure out what Plaintiff complains of nor what relief she seeks.  Under these circumstances, the Complaint fails to state a claim on which relief may be granted and is therefore subject to mandatory dismissal under § 1915(e)(2)(B)(ii).

     For the foregoing reasons, the Complaint will be dismissed without prejudice.  An appropriate order accompanies this opinion.

       s/ Stanley R. Chesler  
       STANLEY R. CHESLER  
       United States District Judge

DATED: October 22, 2012